IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEON LAVELL WHITE, 1572179, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-778-D |
| | ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his two convictions for possession of a controlled substance and possession with intent to deliver a controlled substance. *State of Texas v. Deon Lavell White*, Nos. F05-56972-QN and F08-60814-YN (195th Jud. Dist. Ct., Dallas County, Tex., Apr. 24, 2009). Petitioner was sentenced to eight years in prison on each conviction, to run concurrently.

Petitioner pled guilty to possession of one gram or more but less than four grams of cocaine in cause number F05-56972-QN. He was placed on community supervision. While on community supervision, he was indicted for possession with intent to deliver four grams or more but less than 200 grams of cocaine in cause number F08-60814-YN. The State moved to revoke

Petitioner's community supervision in cause number F05-56972-QN, based on the new offense.

The trial court tried the new offense and the motion to revoke together. The court found Petitioner guilty of the new offense and sentenced him to eight years in prison. The court also found the State's allegation that Petitioner violated his community supervision was true, and revoked Petitioner's community supervision. The court sentenced Petitioner to eight years in prison on the revocation to run concurrently with the eight-year sentence on the new conviction.

On June 24, 2010, the Fifth District Court of Appeals affirmed the convictions and sentences. *White v. State*, 2010 WL 2524657 (Tex. App. – Dallas 2010, no pet.). Petitioner did not file a petition for discretionary review.

Petitioner filed a state habeas petition challenging his new conviction. *Ex parte White*, No. 78,262-01. On June 12, 2013, the Court of Criminal Appeals denied the petition. Petitioner also filed a state habeas petition challenging his revocation. *Ex parte White*, No. 78,262-02. On August 6, 2014, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On February 22, 2014, Petitioner filed the instant § 2254 petition.[1] He argues:

1. He received ineffective assistance of trial counsel;

2. The State withheld favorable evidence;

3. His sentence is illegal;

4. He was denied a revocation hearing; and

---

[1] Although Petitioner dated his petition as July 2, 2013, he dated his cover letter as February 22, 2014. The petition was received by the Court on March 3, 2014. The Court therefore considers the petition filed as of February 22, 2014. *See, Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (finding § 2254 petitions are deemed filed on date inmate tenders petition to prison officials for mailing).

     5.     He received ineffective assistance of appellate counsel.

On August 26, 2014, Respondent filed his answer arguing the petition is time-barred. Petitioner did not file a reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2]

---

[2] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

On June 24, 2010, the Fifth District Court of Appeals affirmed the convictions and sentences. Petitioner did not file a petition for discretionary review. His convictions therefore became final thirty days later, on July 24, 2010. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until July 24, 2011, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). In this case, however, Petitioner's state habeas petitions were filed after the one year limitations period expired.

Petitioner dated his first state habeas petition as "July 9, 2011," although it was not received by the state court until July 16, 2012. *Ex parte White*, No. 78,262-01 at 12-13. The State argues it appears the petition was originally dated as "July 9, 2012," but the "2012" was changed to "2011." Petitioner did not respond to the State's arguments.

On April 20, 2015, Respondent submitted Petitioner's prison unit mail logs for July, 2011 and July, 2012. The mail logs show no outgoing mail for Petitioner in July, 2011. They also show that on July 11, 2012, Petitioner mailed a document to the Dallas County courts. The state court received Petitioner's state habeas petition on July 16, 2012. The Court therefore finds that

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner delivered his state court petition to prison officials on July 9, 2012, rather than July 9, 2011.  This petition did not toll the AEDPA limitations period because it was filed after the limitations period expired on July 24, 2011.  Likewise, Petitioner dated his second state habeas petition as June 20, 2011.  The petition was postmarked as December 10, 2012 and was received in the state court on December 12, 2012.  Respondent submitted Petitioner's prison unit mail logs for June, 2011.  The mail logs show that Petitioner did not mail any documents that month.  Further, the state habeas form Petitioner used stated it was revised on September 1, 2011, which was after the date he alleged he filled out the form.  The Court finds Petitioner did not mail his second state habeas petition until after the AEDPA limitations period expired on July 24, 2011.  The petition therefore did not toll the AEDPA limitations period.

Petitioner was required to file his federal petition by July 24, 2011.  He did not file his petition until February 22, 2014.  The petition is therefore untimely.

**B.  Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to

equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling. His petition should therefore be dismissed as time-barred.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 23rd day of April, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).